1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   GENEVA LANGWORTHY,

11                           Plaintiff,

12            v.

13   CLALLAM COUNTY SHERIFF, *et al.*,

                            Defendants.

14

CASE NO. 3:24-cv-05258-TMC

ORDER RENOTING PLAINTIFF'S
APPLICATION TO PROCEED *IN
FORMA PAUPERIS* AND
DIRECTING AMENDED
COMPLAINT BE FILED

15        The District Court has referred Plaintiff Geneva Langworthy's pending Application to

16   Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge

17   Grady J. Leupold pursuant to Amended General Order 11-22. On April 4, 2024, Plaintiff filed a

18   proposed civil Complaint and Application to Proceed IFP, that is, without paying the filing fee

19   for a civil case. *See* Dkt. 1, 1-1, 1-2.

20        **Standard for Granting Application for IFP.**

21        The district court may permit indigent litigants to proceed IFP upon completion of a

22   proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion

23

24

1  in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert.*

2  *denied* 375 U.S. 845 (1963).

3      **Plaintiff's Application to Proceed IFP.**

4      Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. She currently receives $950 per

5  month in disability, unemployment, workers compensation, or other public assistance. *Id*. As of

6  April 4, 2024, Plaintiff states she has $20 cash on hand and no money in bank accounts. *Id*. at 2.

7  Plaintiff has no assets and her expenses exceed her income. *See* Dkt. 1.

8      **Review of the Complaint.**  The Court has carefully reviewed the proposed Complaint in

9  this matter.[1] Because Plaintiff filed this proposed Complaint *pro se*, the Court has construed the

10  pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los*

11  *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

12      In the proposed Complaint, Plaintiff alleges her constitutional rights, including her right

13  to due process, and rights under the Americans with Disabilities Act ("ADA"), have been

14  violated by three judicial officers in Clallam County, Washington: Brent Basden, a Superior

15  Court Judge; Alex Schodowski, a Pro Tem District Court Judge; and Dave Neupert, a District

16  Court Judge. Dkt. 1-1; Dkt. 1-2. Plaintiff also claims Aurora Bearse, a Commissioner for the

17  Court of Appeals of Washington, Division II, violated her rights. Dkt. 1-1; Dkt. 1-2. Plaintiff

18  claims these judicial officers violated her rights during the course of a civil action and criminal

19  case, both of which are apparently being litigated in Clallam County's courts. Dkt. 1-2.

20

21

22  [1] The proposed Complaint is substantially similar to the proposed Complaint filed in *Langworthy v. Basden, et al.*, 3:24-cv-05075-TMC (W.D. Wash. 2024). However, in the instant proposed Complaint, Plaintiff includes an additional section entitled, "Jurisdiction and Access," containing allegations against at least four judicial officers from this Court, including the undersigned, who are not named in the proposed Complaint. *See* Dkt. 1-2 at 22–36. Because Plaintiff fails to name any of these judicial officers in her proposed Complaint, the Court will not consider these additional allegations as claims herein.

23

24

ORDER RENOTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING AMENDED COMPLAINT BE FILED - 2

1    Plaintiff also alleges a Clallam County sheriff deputy, not named as a Defendant here,[2]

2    violated her rights, including her right to equal protection under a state statute. *Id*. at 5. In a

3    separate allegation, Plaintiff claims two other sheriff deputies obtained search and arrest warrants

4    from another judge not named as a Defendant here, and trespassed on her property in order to

5    arrest her. *Id*. at 12. Finally, Plaintiff alleges that several attorneys appointed to represent her in

6    her criminal matter rendered ineffective assistance of counsel. *Id*. at 13–16.

7       ***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to

8    28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that

9    is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

10   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

11   *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

12   1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

13   2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

14   *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

15   ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

16   1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also*

17   *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

18      A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint, it

19   must nevertheless contain factual assertions sufficient to support a facially plausible claim for

20   relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

21   U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

22

23   _____

     [2] While Plaintiff names "Clallam County Sheriff" as a Defendant in the caption of the case, it is not clear if she is
     referring to this unnamed Sheriff Deputy, the other Deputies mentioned later in the proposed Complaint, or the
24   Sheriff's Office in its entirety. *See* Dkt. 1-1 at 1, 2.

     ORDER RENOTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING
     AMENDED COMPLAINT BE FILED - 3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims**.

*Section 1983*. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended Complaint.

## I.      Judicial Immunity

Plaintiff's claims appear subject to dismissal due to the absolute judicial immunity of the named Defendants. Plaintiff is suing three judges in Clallam County and a Commissioner for the Court of Appeals of Washington, Division II. It is well settled that "judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official functions." *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir. 1992). "A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). It appears that Plaintiff is suing judges for actions taken while performing their official duties, and thus, the judges are entitled to absolute immunity, meaning they cannot be sued here.

## II.    *Rooker-Feldman*

Plaintiff's claims also appear subject to dismissal under the *Rooker-Feldman* doctrine. "*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second guessing state court decisions by barring the lower federal court from hearing *de facto* appeals from state court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The *Rooker-Feldman* doctrine prohibits a district court from reviewing the decision of a state court when: 1) a federal plaintiff asserts as their legal injury, a legal error by the state court, and 2) seeks as their remedy, relief from the state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Here, it appears that Plaintiff is attempting to challenge several orders issued by either the Clallam County District Court or the Clallam County Superior Court in both her civil and criminal matters. The alleged errors raised were that the courts committed legal error by issuing orders without the proper jurisdiction. Further, it appears that Plaintiff now seeks relief from the state court rulings. Based on these facts alleged in the proposed Complaint, it appears that Plaintiff is attempting to bring a *de facto* appeal of a state court judgment. Therefore, Plaintiff's claims appear barred by the *Rooker-Feldman* doctrine.

## III.    *Younger* Abstention

Plaintiff's claims also appear to be subject to dismissal under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Federal courts must abstain from interfering in pending state criminal prosecutions absent extraordinary circumstances. *Id.*, 401 U.S. at 45. This applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the

1  requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial

2  proceeding. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932

3  F.3d 898, 901–02 (9th Cir. 2019)).

4         The Ninth Circuit has recognized that even if all the *Younger* factors are satisfied, a

5  federal court will not invoke *Younger* if the plaintiff can make a showing of bad faith,

6  harassment, or some other extraordinary circumstances making abstention inappropriate. *Bean*,

7  986 F.3d at 1133; *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (acknowledging an

8  irreparable harm exception to the *Younger* abstention doctrine when the danger of irreparable

9  loss is great and immediate.); *see also MacDonald v. Musick,* 425 F.2d 373, 377 (9th Cir. 1970)

10 (Ninth Circuit reversed the District Court and directed that a habeas corpus petition be granted

11 under 28 U.S.C. § 2241 pre-trial, because petitioner's due process rights were violated by a

12 deputy prosecutor's revival of a charge that was "[an] attempt. . .to hamper [petitioner] in

13 asserting, by civil action, both state and federal civil rights.").

14        Here, *Younger* abstention appears to apply. The proposed Complaint alleges that Plaintiff

15 is facing criminal prosecution and that the criminal trial is currently pending. This pending state

16 proceeding implicates an important state interest – enforcing and prosecuting state laws. Plaintiff

17 has not made a showing that she will have an inadequate opportunity to correct the alleged

18 violations. Further, the relief sought would require the Court to enjoin a state court proceeding.

19 Accordingly, the Court must abstain from considering this action – unless Plaintiff can make a

20 showing that extraordinary circumstances exist such that the irreparable harm exception applies

21 to this case.

22        **Conclusion**. The Court finds Plaintiff's proposed Complaint has failed to state a claim

23 upon which relief can be granted. To proceed with this lawsuit, Plaintiff must file an amended

24

Complaint. The amended Complaint must include a short, plain statement clearly stating the factual allegations supporting Plaintiff's claims and provide clarity regarding what claims she is attempting to bring in this lawsuit. Plaintiff must allege facts to show each properly-named Defendant has violated her constitutional rights.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). At this time, the Court finds Plaintiff should be afforded an opportunity to amend her proposed Complaint to try to state a claim. Plaintiff's proposed amended Complaint, if any, should be filed on or before May 24, 2024.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *In Forma Pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).

Based upon the above analysis of the deficiencies in the proposed Complaint, the Court finds it appropriate to re-note Plaintiff's Application to Proceed IFP (Dkt. 1) to **May 24, 2024**.

//

//

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) is **RENOTED** to **May 24, 2024**; and

- Plaintiff's proposed amended Complaint, if any, **IS DUE** on or before **May 24, 2024**.

Dated this 25th day of April, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER RENOTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING
AMENDED COMPLAINT BE FILED - 8