UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>Plaintiff,<br><br>v.<br><br>CLALLAM COUNTY SHERIFF; ALEX SCHODOWSKI; DAVE NEUPERT; BRENT BASDEN; AURORA BEARSE,<br><br>Defendants. | Case No. 3:24-cv-05258-TMC<br><br>SCREENING ORDER |

## I.   INTRODUCTION

In this case, Pro Se Plaintiff Geneva Langworthy sues the "Clallam County Sheriff"; Judge Alex Schodowski; Judge Dave Neupert; Prosecutor Mark Nichols, the Clallam County District Attorney's Office, Judge Brent Basden; the Clallam County District Court; Zach Meyers; Judge Aurora Bearse; the U.S. District Court for the Western District of Washington;

SCREENING ORDER - 1

and the U.S. Magistrate Judges of this district.[1,2] Her claims stem from a property dispute with her neighbors that led to them obtaining an anti-harassment order against her in Washington state court. She claims primarily that the various judges involved in her state court cases conducted illegitimate proceedings and rendered incorrect decisions against her. For the following reasons, all of Ms. Langworthy's claims are dismissed.

## II.     DISCUSSION

**A.  Legal Standards**

*1.  Section 1915 Screening*

The district court may permit indigent litigants to proceed in forma pauperis ("IFP") upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court must subject a civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte

---

[1] While her pro se complaint form does not name each party listed as a defendant here, *see* Dkt. 1-1 at 2, Ms. Langworthy's "statement of claims," submitted along with her proposed complaint, contains what appear to be allegations against them. Construing the complaint liberally, as the Court must do for pro se plaintiffs, the Court treats the Western District and the U.S. Magistrate Judges as named defendants in this case. *See Woodruff v. Mueller*, No. C 02–3307 VRW, 2004 WL 724886, at *1 (N.D. Cal. Mar. 24, 2004) (identifying the named defendants by looking to the "body of the complaint" where the pro se plaintiff did not specifically name all defendants in the caption of her filings as required by Federal Rule of Civil Procedure 10(a)).

[2] In the Ninth Circuit, judges are not required to recuse when the plaintiff names the federal district they sit in as a defendant in the suit. *See Glick v. Edwards*, 803 F.3d 505, 510 (9th Cir. 2015). The Court declines Ms. Langworthy's request for transfer of venue due to a conflict of interest. Dkt. 1-2 at 35.

SCREENING ORDER - 2

dismiss an IFP complaint that fails to state a claim); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

An IFP complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989). Under this standard, a court may dismiss a claim that is based on an "indisputably meritless legal theory." *Neizke*, 490 U.S. at 327.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)"—the statute's second ground for dismissal—"is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id.*

The Court must dismiss an IFP action "at any time" during the case when it determines that the IFP complaint (or proposed complaint) is subject to dismissal under section 1915's screening provision. *See* § 1915(e)(2)(B). Courts in the Ninth Circuit may screen an IFP complaint before determining whether the plaintiff qualifies financially for IFP status, and a determination that a complaint is subject to dismissal under the statute itself warrants both dismissing the complaint and denying a pending motion to proceed IFP. *See Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("A prisoner's civil action may be dismissed under § 1915(e)(2) or § 1915A before any

fees have been paid, and thus before 'filing' occurs." (quoting *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004)); *see also id.* (construing "a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section").

Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

2. *Judicial Immunity*

Judges generally have absolute immunity from lawsuits for money damages. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). "Courts have articulated only two circumstances in which judicial immunity does not apply": "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and actions that "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *See id.*

In determining if an action is judicial, courts consider whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc).

As to lack of jurisdiction, a judge will be immune for a particular action if their "ultimate acts are judicial actions taken within the court's subject matter jurisdiction," even if the motives underlying the ultimate act are "clearly improper." *See Ashelman*, 793 F.2d at 1078 (citations omitted) ("Judges' immunity from civil liability should not be 'affected by the motives with which their judicial acts are performed.'" (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 200 (1985)); *see also id.* ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors. As long as the judge's *ultimate acts* are judicial actions taken within the court's subject matter jurisdiction [sic], immunity applies." (emphasis added)).

If immunity applies, it applies "however erroneous the [judge's] act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger,* 474 U.S. at 199 (internal quotation marks omitted) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978)), *cert. denied*, 488 U.S. 995 ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity.").

Judicial immunity against lawsuits for money damages applies to civil rights claims brought under section 1983 and the ADA. *See Ashelman*, 793 F.2d at 1075 (regarding section 1983 claims); *Lund*, 5 F.4th at 970–72 (regarding ADA claims).

Ms. Langworthy's claims stem from a property dispute between her and her neighbors in Clallam County, Washington. According to Ms. Langworthy, her neighbors "excavat[ed] on her property and . . . mov[ed] the boundary fence." Dkt. 1-1.

3. *Rooker-Feldman Doctrine*

Under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (the "*Rooker-Feldman*

SCREENING ORDER - 5

doctrine"), federal district courts, as courts of original jurisdiction, lack subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). The doctrine prohibits plaintiffs from "com[ing] to federal court to seek 'what in substance would be appellate review of the state judgment.'" *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). This is because "[t]he United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The Ninth Circuit has provided the following "general formulation" of the doctrine:

> If a . . . plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court . . . , *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If . . . [a] plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021).

If a court decides the doctrine applies, "it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624–25 (quoting *Cooper*, 704 F.3d at 779); *see Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."). Claims, including those for money damages, that do not expressly request reversal or invalidation of the challenged state court decision may still be "inextricably intertwined" if the "prayer for relief . . . is contingent upon a finding that the state court decision

SCREENING ORDER - 6

was in error." *See Cooper*, 704 F.3d at 782; *see also id.* ("Because the second claim 'succeeds only to the extent that the state court wrongly decided the issues before it' and 'federal relief can only be predicated upon a conviction that the state court was wrong,' Cooper cannot escape the reality that his second claim is inextricably intertwined with the state court decision, no matter what label he puts on it." (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring))); *Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("[I]f a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the *Rooker-Feldman* doctrine is in play.").

Relevant here, *Rooker-Feldman* applies "even where the challenge to the state court decision involves federal constitutional issues, including section 1983 claims." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021). "Furthermore, the doctrine applies to both final and interlocutory decisions from a state court." *Id.* at 1143.

**B. Analysis**

Construed liberally, Ms. Langworthy brings claims under 42 U.S.C. § 1983 for alleged violations of her rights under the Equal Protection and Due Process Clauses of the 14th Amendment and the right to effective assistance of counsel under the 6th Amendment; under 18 U.S.C. § 242, and under Title II of the Americans with Disabilities Act ("ADA"). *See* Dkt. 1-1 at 3; Dkt. 1-2 at 1 (indicating, in title of her "statement of claims," that she is bringing claims under section 1983). The Court addresses each claim in turn.

   1. *Section 242 Claim*

Ms. Langworthy lists 18 U.S.C. § 242 as one of the federal statutes "at issue in this case" in her complaint form. Dkt. 1-1 at 3. Appearing to reference the statute, which sets out criminal liability for "willfully subject[ing] any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or

protected by the Constitution or laws of the United States" "under color of any law, statute, ordinance, regulation, or custom,'—in her "statement of claim," she alleges that "[t]he Defendants, acting under color of law, have deprived the Plaintiff of her real and personal property, without due process of law, since June 2022." Dkt. 1-1 at 4.

However, Section 242 is a criminal statute that "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). For this reason, Ms. Langworthy's Section 242 claim is frivolous and she would not be able to save the claim through amendment; the Court will dismiss it with prejudice and without leave to amend. *See Neitzke*, 490 U.S. at 318 (noting that among the examples of "frivolous" claims are those "claims of infringement of a legal interest which clearly does not exist"); *Graves v. Hampton*, 1 F.3d 315, 319 & n.22 (5th Cir. 1993) (holding that "claims which otherwise clearly have no arguable basis in law, thereby negating a rectification by amendment, usually should be dismissed with prejudice" under section 1915 and that that "claims of infringement of a legal interest which clearly does not exist would fall into this category" (citing *Neitzke*, 490 U.S. at 327)); *see also Marcos-Chavela v. Utah*, No. 2:22-cv-00975-JHC, 2022 WL 3018242, at *2 (W.D. Wash. July 29, 2022) (dismissing claims under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii) with prejudice and without leave to amend where the plaintiff failed to state a plausible claim and the claim was also legally and factually frivolous).

**C. Analysis – Individual Defendants**

The Court considers Ms. Langworthy's remaining claims separately for each defendant.

   1. *Judge Dave Neupert*

Ms. Langworthy alleges that Judge Dave Neupert was a judge in the anti-harassment lawsuit filed against her by her neighbors. She claims he "failed to voluntarily recuse" from the case despite "already [being] biased" against her and improperly issued the anti-harassment order

SCREENING ORDER - 8

against her even though her neighbors' petition was procedurally defective. Dkt. 1-2 at 2. She also alleges that his anti-harassment order "chilled" her ability to pursue civil litigation, because it prohibited her from serving her neighbors with "pleadings," and suggests the order violated her constitutional rights. *See id.* at 3–4. She also asserts Judge Neupert violated her right to substantive due process by presiding over an arraignment hearing for a violation of her anti-harassment order. *Id.* at 13. All of Judge Neupert's conduct that forms the basis for Ms. Langworthy's claims is squarely within Judge Neupert's judicial role and there is no indication he did not have subject matter jurisdiction.

Judicial immunity bars Ms. Langworthy's claims relating to these allegations and the Court must dismiss them with prejudice and without leave to amend. *See Stewart v. Aloia*, 231 F. App'x 724, 724–25 (9th Cir. 2007) (affirming dismissal with prejudice of claims barred by judicial immunity); *Sanzaro v. Vega*, 623 F. App'x 515, 516 (9th Cir. 2015) (affirming dismissal of claim barred by judicial immunity without leave to amend because the deficiencies in the complaint could not be cured by amendment).[3,4]

    2. *Clallam County Sheriff*

        a. *Fourteenth Amendment - Equal Protection*

---

[3] Unlike for Judge Schodowski, Ms. Langworthy does not allege that Judge Neupert was without jurisdiction to make his decisions.

[4] Ms. Langworthy requests both monetary damages and "prospective injunctive relief from ongoing rights violations" for her claims. Dkt. 1-2 at 36. The Court's holdings regarding judicial immunity apply to both requests for relief, as "Judicial immunity is not limited to claims for monetary damages and extends to claims for declaratory or injunctive relief." *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996).

Ms. Langworthy also sues the "Clallam County Sheriff"[5] for improperly serving process on her by phone and incorrectly telling the Washington district court that she had agreed to waive service of process. *See id.* at 4–5. She also alleges that the office illegally "prosecuted" her for violating her neighbors' anti-harassment order against her by placing a copy of her "pleadings" from a lawsuit in their mailbox. *See id.* at 10–11. According to Langworthy, these actions denied her right to equal protection under the Fourteenth Amendment.

To the extent Ms. Langworthy sues the Clallam County sheriff's office as a whole, her claim is only cognizable as a *Monell* claim, which requires her to "to allege that a department policy or custom caused [her] injuries." *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights."). "[A]n individual may prevail in a § 1983 action against municipalities, including counties and their sheriff's departments, if the unconstitutional action implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Lockett v. Cty. of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020). The plaintiff must show that the "policy, custom, or practice . . . was the 'moving force' behind the constitutional violation [they] suffered." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). Ms. Langworthy has not alleged that the sheriff's office's improper service or criminal prosecution of her was motivated by a particular "policy, custom, or practice" of the sheriff's office. Accordingly, her *Monell* claim is dismissed for failure to state a claim. The Court will provide leave to amend to identify such a policy or practice.

---

[5] Ms. Langworthy does not clarify in her complaint whether she is suing a particular member of the sheriff's office or the whole office.

SCREENING ORDER - 10

Moreover, to the extent Ms. Langworthy brings this claim against an individual employee of the sheriff's office, the Court dismisses it because her allegations do not make out a cognizable equal protection claim. The Equal Protection Clause of the Fourteenth Amendment prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. The clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To survive a motion to dismiss, plaintiffs raising these claims must allege "intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent" in their complaints. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Ms. Clark's complaint does not state that she was treated differently than similarly situated people or provide any direct or circumstantial evidence of discriminatory animus based on her membership in an "identifiable class." *See Clark v. Wash. State Dep't of Health*, 2024 U.S. Dist. LEXIS 96409, at *15–16 (W.D. Wash. May 20, 2024). For these reasons, Ms. Langworthy's complaint also fails to state a claim as to her equal protection claim. If she decides to file an amended complaint, she must include allegations showing she was denied equal protection under the rules stated above.

      b.   *Fourth Amendment – Unreasonable Search and Seizure*

Ms. Langworthy also sues the Clallam County Sheriff's office for violating her Fourth Amendment right against unreasonable search and seizure for arresting her for an alleged violation of her neighbors' anti-harassment order, after she fled from officers attempting to arrest her on her property. *See* Dkt. 1-2 at 12. She alleges the officers "physically abused" her during the arrest. *Id.*

Ms. Langworthy's Fourth Amendment claim under Section 1983 suffers from the same deficiency as her Fourteenth Amendment claim: she has identified one incident during which the

SCREENING ORDER - 11

Case 3:24-cv-05258-TMC    Document 9    Filed 07/23/24    Page 12 of 17

Sheriff's office allegedly violated her constitutional rights, but she has not identified a policy, custom, or practice that motivated the allegedly illegal conduct. The Court dismisses this claim without prejudice for failure to state a claim and will give Ms. Langworthy leave to amend.

    3.   *Pro Tem Judge Alex Schodowski*

According to Ms. Langworthy, Pro Tem Judge Alex Schodowski was also a judge in her neighbors' anti-harassment case against her in the Washington district court. She claims Judge Schodowski violated various constitutional amendments by "issuing a default one year order against her."[6] Dkt. 1-2 at 7–8. According to Ms. Langworthy, Judge Schodowski issued this order after the district court had already lost jurisdiction over the case, citing RCW 10.14.150, a provision of the statute which Ms. Langworthy alleges was the basis for the anti-harassment order, which at the time provided that "[t]he district courts shall have original jurisdiction and cognizance of any civil actions and proceedings brought under this chapter, except the district court shall transfer such actions and proceedings to the superior court when it is shown that . . . a superior court has exercised or is exercising jurisdiction over a proceeding involving the parties" and that "the district or municipal court shall transfer the case to superior court after the temporary order is entered." Ms. Langworthy alleges that Judge Schodowski was without jurisdiction to issue the order because, after the initial temporary order was issued, "a superior court was already exercising its jurisdiction over the parties," *see* Dkt. 1-2 at 2, and the statute also provides that the district court must transfer the case to the Washington superior court after issuing a "temporary order," *see id.* at 6.

Ms. Langworthy does not specify whether Judge Schodowski's "one year order" was also a "temporary order" under the statute, but even if she is correct that Judge Schodowski was without

---

[6] Ms. Langworthy does not explain what this order was.

SCREENING ORDER - 12

jurisdiction to issue the order, her Section 1983 claim is still barred by the *Rooker-Feldman* doctrine, since her allegations of constitutional violations essentially ask the Court to rule that Judge Schodowski's order was legally erroneous. The Court therefore lacks subject matter jurisdiction over the claims against Judge Schodowski. Since "[a] dismissal under the *Rooker-Feldman* doctrine is a dismissal for lack of subject matter jurisdiction, and thus should be without prejudice," *McNeley v. Sheppard*, 793 F. App'x 597, 598 (9th Cir. 2020) (first citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); then citing *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004)), the Court dismisses the claims against Judge Schodowski without prejudice. However, because "there is no basis to conclude that [Ms. Langworthy] could replead [her] claims to avoid the *Rooker-Feldman* jurisdictional bar," *Boudette v. Oskerson*, No. 22-36003, 2024 WL 1342613, at *2 (9th Cir. Mar. 29, 2024) (citing *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011)), the Court will not provide her leave to amend her complaint as to these claims against Judge Schodowski.

Ms. Langworthy also alleges that, later in her case, Judge Schodowski also heard Ms. Langworthy's "motion to quash . . . warrants." Dkt. 1-2 at 21. Ms. Langworthy claims that Judge Schodowski appointed an incompetent attorney to represent her to "prevent" her "from effectively defending herself." *See id.* For this claim, Ms. Langworthy does not allege Judge Schodowski was without jurisdiction. It also amounts to a request for the Court to review a decision of a state court. The claim is dismissed with prejudice and without leave to amend.

   4. *Prosecutor Mark Nichols/Clallam County District Attorney's Office*

Ms. Langworthy does not list Mark Nichols (whom she identifies as a prosecutor who participated in her prosecution for violation of the anti-harassment order) as a defendant, but she alleges in the body of her complaint that he attempted to "incarcerate" her "without due process of law" by "argu[ing] for excessively strict and burdensome conditions for Ms. Langworthy's

SCREENING ORDER - 13

bail and pre-trial release." Dkt. 1-2 at 13. Like judges, prosecutors are generally absolutely immune from suits for money damages. *Ashelman*, 793 F.2d at 1075. "Where a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies." *Id.* at 1076 (internal quotation marks omitted). Similar to judicial immunity, prosecutorial immunity applies even if the prosecutor is shown to have committed "grave procedural errors," unless they acted "without . . . authority." *Id.* at 1077.

Ms. Langworthy's allegations against Attorney Nichols' allegedly illegal conduct while arguing in court do not show that he acted "without authority" in doing so. To the extent she asserts a claim against him, it is dismissed with prejudice and without leave to amend.

Ms. Langworthy also alleges that an unidentified Clallam County "prosecuting attorney" attempted to deny her "right to trial by jury" by arguing against a motion to quash filed by her in one of her cases and "perpetuat[ing] the position of that office that Ms. Langworthy should be condemned without trial." Dkt. 1-2 at 21. For the same reasons described above, this claim is dismissed with prejudice and without leave to amend.

5.  *Judge Brent Basden*

Ms. Langworthy also sues Judge Brent Basden, whom she alleges heard an appeal of a decision against her in the Washington District Court. *See* Dkt. 1-2 at 14. She claims Judge Basden violated her "due process right[s]" by denying her appeal arguing that she was not properly served in her district court case, "retrospectively extend[ing] the temporary order from 14 days to more than eight months," reassigning the case to himself after transferring the case to the Washington superior court, and holding a hearing in the superior court case in person (rather than by Zoom) to prevent Langworthy from appearing due to her bench warrants. *See id.* at 15–18. She also alleges he violated her "rights to due process and equal protection" by holding an ex parte hearing in her absence. *Id.* at 18. And she alleges that he violated unidentified

SCREENING ORDER - 14

"constitutional rights" by applying the incorrect state statute in issuing another anti-harassment order against her. *See id.* at 18.

Ms. Langworthy again does not provide any allegations that Judge Basden did not have subject matter jurisdiction over the case. And her claim asks the Court to decide that his decisions were incorrect. Thus, the claim is subject to dismissal both as barred by judicial immunity and for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Because immunity bars the claim, the Court dismisses it with prejudice and without leave to amend.

### 6. Clallam County District Court

Ms. Langworthy also sues the Clallam County District Court for retaliation under the ADA for "revoking" her "filing accommodation" allowing her to file her "pleadings" electronically "to punish her for complaining about disability discrimination." Dkt. 1-2 at 15. To establish a prima facie case for retaliation under Title II of the ADA, a plaintiff must show "(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two." *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472 (9th Cir. 2015). Ms. Langworthy does not elaborate on how she complained about "disability discrimination" to the court, nor does she provide any allegations tending to show that the court revoked her filing privileges because of said complaint. Accordingly, this claim is dismissed without prejudice and with leave to amend for failure to state the claim.

Ms. Langworthy also alleges the district court violated her "due process rights" by refusing to allow her to argue a "motion to quash." Dkt. 1-2 at 15. Ms. Langworthy does not allege the court lacked jurisdiction when it made this decision, and the claim again asks the

SCREENING ORDER - 15

Court to opine on the correctness of the decision. The claim is dismissed with prejudice and without leave to amend.

7. *Attorney Zach Meyers*

Although not mentioned in her complaint form or case caption, Ms. Langworthy appears to bring a section 1983 claim against her defense attorney, Zach Meyers, for violating her rights under the Sixth Amendment to the U.S. Constitution for failing to make "contact with [her]" or taking any other action on her behalf. *See* Dkt. 1-2 ¶ 41. However, Attorney Meyers is not liable under Section 1983 "because a defense attorney in a criminal prosecution, whether retained or appointed, does not act 'under color of' state law." *Gandara v. Newsome*, No. EDCV 21-1616-SVW (KK), 2021 WL 12159636, at *5 n.3 (C.D. Cal. Oct. 27, 2021) (quoting *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972)). Ms. Langworthy's claim against Meyers is dismissed with prejudice.

8. *Judge Aurora Bearse*

Ms. Langworthy also sues Washington Court of Appeals Judge Aurora Bearse for incorrectly upholding a lower court decision regarding her alleged lack of service in the anti-harassment case. *See* Dkt. 1-2 at 18–19. She does not allege any lack of jurisdiction and asks for this Court to review Judge Bearse's decision. For the reasons described above, this claim is also dismissed with prejudice and without leave to amend.

9. *Western District of Washington/U.S. Magistrate Judges*

Ms. Langworthy also appears to raise claims against this District and its Magistrate Judges, where she takes issue with other decisions against her in this district and claims that the court and its judges are biased against her. *See* Dkt. 1-2 at 22 (claiming "[t]he U.S. District Court for the Western District of Washington ("WAWD") has an established pattern and practice of denying procedural due process to Geneva Langworthy"). To the extent Ms. Langworthy wishes

SCREENING ORDER - 16

to raise these allegations as separate claims, they are also barred by judicial immunity, as Ms. Langworthy has no allegations showing the judges of this district were without jurisdiction when they issued the orders she complains about. *See Waialeale v. Offices of the United States Magistrate(s)*, No. 11–00407 JMS/RLP, 2011 WL 2534348, at *3 (D. Haw. June 24, 2011) (applying judicial immunity to claim against all judges in a judicial district). The Court dismisses these claims with prejudice and without leave to amend.

### III.  CONCLUSION

For the reasons outlined above, all of Ms. Langworthy's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). If Ms. Langworthy chooses to file a proposed amended complaint as to those claims for which the Court grants her leave to amend, she must do so by August 13, 2024. If Ms. Langworthy does not amend her proposed complaint, the Court will deny her motion to proceed in forma pauperis and dismiss her remaining claims without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of July, 2024.

Tiffany M. Cartwright
United States District Judge